■ GDH RESTAURANT, INC., Respondent, v LAURAINE MURPHY MANHASSET, INC., et al., Appellants.—In an action to recover damages, *inter alia,* for fraud, the defendants appeal from an order of the Supreme Court, Nassau County (Burstein, J.), dated March 23, 1989, which denied their motion for partial summary judgment dismissing the first and third causes of action of the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the first and third causes of action of the complaint are dismissed.

The plaintiff GDH Restaurant, Inc., entered into a contract with the defendants to purchase the Lauraine Murphy Restaurant, located at 1445 Northern Boulevard, in Manhasset. In connection with the contract, the plaintiff was assigned the lease to the premises, which was to be held in escrow pending consummation of the sale. Although the contract of sale did not set forth the amount of rent due under the lease, the plaintiff expressly acknowledged that it had read and approved of the terms of the lease, which included a cost-of-living rent escalation clause.

The plaintiff tendered rental payments for the months of February and March 1986; however, the landlord rejected the tender alleging that the amount remitted was insufficient. Although the plaintiff obtained an injunction temporarily restraining the termination of its sublease, it nevertheless lost possession of the premises, as well as its down payment, by virtue of its failure to pay certain sums to which the defendants were directly entitled pursuant to an order of the Supreme Court, Nassau County, dated April 24, 1986.

The plaintiff commenced this action against the defendants alleging, *inter alia,* that they were guilty of fraudulent misrepresentations with respect to the amount of rent due and owing under the lease. The plaintiff charged the defendants with having fraudulently concealed a letter agreement which amended the lease by placing a cap on rent increases which would take effect due to the rise in the cost of living.

Contrary to the conclusions of the Supreme Court, we find that the defendants were entitled to summary judgment dismissing the first and third causes of action of the complaint. It

is clear that the plaintiff's dispute as to the amount of rent was with the landlord, not the defendants. Additionally, it cannot be said that the plaintiff was detrimentally affected by the alleged concealment of the letter agreement which amended the lease, since the amendment was intended to inure to the sole benefit of the primary tenant, by extending the "cap" on the amounts the landlord was entitled to collect from it based upon increases in the cost of living. This letter agreement, however, did not accrue to the benefit or loss of the plaintiff subtenant, who was contractually bound by the terms of the original lease. Accordingly, the plaintiff's cause of action to recover damages based upon the alleged concealment of the letter agreement must be dismissed.

The damages alleged herein were not caused by any fraudulent activity on the part of the defendants but were occasioned by the plaintiff's failure to comply with so much of the order dated April 24, 1986, as directed payment of $6,500 per month to the defendant Lauraine Murphy Manhasset, Inc.

In light of our disposition, we need not address the defendants' remaining contentions. Mollen, P. J., Eiber, Sullivan and Rosenblatt, JJ., concur.